# Exhibit A

# SUMMONS - CIVIL

JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| **235 Church Street, New Haven, CT 06510** | ( 203 )503-6800 | December | 11 | 2 201 |
| | | Month | Day | Year |

| ☒ Judicial District | ☐ G.A. | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | **New Haven** | Major: **M** | Minor: **90** |

## For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| **Yamin & Grant, LLC, 83 Bank Street, Waterbury, CT 06702** | **418063** |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 574-5175 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* **egrant@yamingrant.com** |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: **United Concrete Products, Inc.** Address: **173 Church Street, Yalesville, CT 06492** | P-01 |
| **Additional Plaintiff** | Name: Address: | P-02 |
| **First Defendant** | Name: **Vitali, Philip, 4 Rosebud Lane, Milford, MA 01757** Address: | D-01 |
| **Additional Defendant** | Name: Address: | D-02 |
| **Additional Defendant** | Name: Address: | D-03 |
| **Additional Defendant** | Name: Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left **Eric M. Grant, Esq.** | Date signed **11/14/2018** |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only | |
|---|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | | File Date | |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | | | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | | | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

| | | |
|---|---|---|
| **RETURN DATE:  DECEMBER 11, 2018** | : | **SUPERIOR COURT** |
| | : | |
| **UNITED CONCRETE PRODUCTS, INC.** | : | **JUDICIAL DISTRICT** |
| | : | **OF NEW HAVEN** |
| | : | |
| **V.** | : | **AT NEW HAVEN** |
| | : | |
| **PHILIP VITALI** | : | **NOVEMBER 14, 2018** |

## COMPLAINT

**COUNT I**     **Connecticut Uniform Trade Secrets Act ("CUTSA")**

1.     The plaintiff, United Concrete Products, Inc. ("United Concrete"), is a Connecticut corporation with a principal place of business located in Yalesville, Connecticut.

2.     The defendant, Philip Vitali ("Vitali" or "Defendant"), is an individual residing at 4 Rosebud Lane, Milford, Massachusetts, 01757.

3.     United Concrete is in the precast concrete business and conducts its business throughout the United States.

4.     Vitali has been a long term sales person of United Concrete that was terminated on November 1, 2018 as a result of the acts and circumstances set forth herein whereby he misappropriated Trade Secret and confidential information of United Concrete and used such information for his own personal benefit.

5.     United Concrete has been in business for over 65 years and has expended substantial time, money and resources to develop and maintain sophisticated confidential and proprietary data including but not limited to pricing information, cost information, specific bidding and estimating practices, critical vendor, supplier, sub-contractor, customer and job specific data and lead generation material (all collectively referred to herein as the "Trade Secrets").  As a result, United Concrete has

developed specialized knowledge and skill in the precast concrete products industry that provides it with a competitive advantage in the industry.

6.     United Concrete derives actual and potential independent economic value from their Trade Secrets which are not generally known to, and not readily ascertainable by proper means by others, including its competitors.

7.     United Concrete protects its Trade Secrets by using such efforts that are reasonable under the circumstances to maintain their secrecy.

8.     United Concrete's Trade Secrets are highly confidential and proprietary and are only shared with those individuals and employees who need to know this information to perform their duties for United Concrete.  In connection with such disclosure, United Concrete advises their employees of the need to maintain all such information in strict confidence.

9.     During the course of his employment with United Concrete, Vitali was entrusted with some of United Concrete's, most sensitive Trade Secrets and confidential and proprietary information.

10.     United Concrete also supplied Vitali with a company owned computer and cell phone for his use in conducting business for United Concrete so as to keep all Trade Secret and other company information confidential.

11.     United Concrete has discovered that during the course of his employment, defendant Vitali misappropriated United Concrete's Trade Secrets and confidential information for the purpose of diverting precast concrete work from United Concrete to others so that Vitali could profit individually from such work.

12.     United Concrete's investigation into this wide ranging all encompassing theft of its Trade Secrets is ongoing.

13.     Nevertheless, to date, United Concrete has discovered that Vitali's scheme included performing work for himself and others during such time as Vitali should have been working on United Concrete projects and during hours while Vitali was being paid by United Concrete.

14.     Vitali would use and share critical sales leads he discovered while working for United Concrete and using United Concrete's Trade Secret information so as to divert the sales of precast concrete products to competitors and even suppliers and would prevent United Concrete from even bidding on such projects.

15.     Vitale specifically targeted projects where a supplier of United Concrete's was involved in supplying certain storm water runoff filters and separators.  Vitali even maintained an alias - - Bill Perelli - - to use in these efforts.

16.     For approximately the last three (3) years, United Concrete has developed a relationship with this supplier on several precast concrete storm water projects identified by United Concrete's sales force at United Concrete's sole cost and expense.

17.     Generally, United Concrete has subcontracted with said supplier to supply product to United Concrete on such projects and Vitali has obviously benefitted from the knowledge of such projects in his work as an employee of United Concrete.

18.     Vitali has conspired to misappropriate United Concrete sales leads and proprietary information to divert work away from United Concrete and has done so based upon his motive to be the person who is hired to install the filter at the site of the precast installation.

19.     Vitali used Trade Secret information to bid for and arrange for contracts for precast concrete work using other precast contractors who are direct competitors of United Concrete.

20.     Vitali is then given the work to install the filters on site and paid for his installation work by the competitors.

21.     In sum, Vitali has misappropriated and used the Trade Secrets of United Concrete to identify and obtain precast concrete contracts so that Vitali could then separately obtain the installation work which he himself then performed during time he was being paid by United Concrete as an employee of United Concrete.

22.     United Concrete has been able to identify three-hundred fifty-one (351) specific instances during approximately the last three years that Vitali performed installations of filters for other precast concrete projects that were diverted from United Concrete.

23.     To date, United Concrete has been able to conservatively calculate its damages in the form of lost opportunity, lost profits, lost compensation payments to Vitali and other out of pocket costs to be no less than One-Million Two-Hundred Twenty-Nine Thousand Seven Hundred ($1,229,700.00) Dollars.

24.     Vitali's use and disclosure of United Concrete's confidential and proprietary information and Trade Secrets constitute a violation of Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. § 35-50 et seq., and as a result the United Concrete has been damaged in an amount to be determined finally at trial.

**COUNT II     Connecticut Unfair Trade Practice Act ("CUTPA")**

1-24.     United Concrete repeats and realleges the allegations of paragraphs 1 to 24 above as if set forth fully herein.

25.     Vitali's actions, deceptions, omissions and/or concealments throughout as aforedescribed above constitute violations of Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. § 42-110a, et seq.).

26.     The aforementioned described acts and/or omissions are unfair, deceptive, immoral, unethical, unscrupulous, and/or oppressive and have caused substantial injury to the United Concrete.

4

27.     The aforementioned described acts and/or omissions also constitute a pattern of unfair, deceptive, immoral, unethical, unscrupulous, and/or oppressive trade practices as Vitali has engaged in the same behavior with respect to other insurance agencies and brokers.

28.     Pursuant to Conn. Gen. Stat. Sec. 42-110g(c), a copy of this complaint has been mailed to the Attorney General's office and the Department of Consumer Protection for the State of Connecticut.

29.     As a direct and proximate result of the aforementioned acts, United Concrete has sustained monetary losses in the form of lost commission revenues and the profits from those revenues, as well as additional, incidental and consequential expenses and damages.

**COUNT III**     **Conversion or Larceny**

1-24.   United Concrete repeats and realleges the allegations of paragraphs 1 to 24 above as if set forth fully herein.

25.     By means of the conduct described above, Vitali improperly converted United Concrete's property and committed larceny in violation of Conn. Gen. Stat. § 52-564.

**COUNT IV**     **Breach of Duty of Good Faith Loyalty and Honesty**

1-24.   United Concrete repeats and realleges the allegations of paragraphs 1 to 24 above as if set forth fully herein.

25.     During the period United Concrete employed Vitali, and thereafter, he owed a fiduciary duty to United Concrete and owed United Concrete a duty of loyalty, good faith and honesty.  Thus, Vitali was prohibited from acting in a disloyal manner or in any way inconsistent with those trust relationships.

26.     In violation of his fiduciary duties and his duty of loyalty, good faith and honesty, Vitali engaged, inter alia, in the following disloyal and untrustworthy conduct:

(a)     Disclosing United Concrete's trade secrets and confidential and proprietary information.

5

(b)     Misappropriating United Concrete's trade secrets and confidential information for his own commercial advantage.

(c)     Soliciting United Concrete's clients' business and misappropriating it for his own commercial advantage.

27.     As a consequence of Vitali's breach of his duties of loyalty, good faith and honesty, United Concrete has been damaged in an amount to be determined at trial.

## COUNT V    Misappropriation of Corporate Opportunity

1-24.     United Concrete repeats and realleges the allegations of paragraphs 1 to 24 above as if set forth fully herein.

25.     Vitali's duties and responsibilities to United Concrete included the development of new business opportunities and relationships for United Concrete's benefit.

26.     During the course of his employment with United Concrete, Vitali was presented with opportunities for the development of new business and client relationships and part of his duties and responsibilities to United Concrete included the development of such new relationships.

27.     While employed by United Concrete, Vitali, at United Concrete's costs and expense, devoted time to developing new clients and new business with existing clients for his own gain, to United Concrete's detriment.

28.     Prior and subsequent to his departure from United Concrete's employ, Vitali misappropriated the corporate opportunities of United Concrete referred to above.

29.     As a consequence of Vitali's conduct, United Concrete has been damaged in an amount to be determined at trial.

## COUNT VI    Interference with Contracts Rights or Business Relationships

1-24.     United Concrete repeats and realleges the allegations of paragraphs 1 to 24 above as if set forth fully herein.

6

25.     By his conduct, Vitali has tortiously interfered with United Concrete's contractual rights and business relationships with his clients.

26.     Each of the Defendants knew of, encouraged, assisted in, and/or knowingly enjoyed the benefits of, Vitali's wrongful conduct.

27.     As a consequence of the Defendants conduct, United Concrete has suffered damages in an amount to be determined at trial.

**WHEREFORE**, United Concrete respectfully requests that judgment be made and entered in their favor and against the Defendant as follows:

1.   Money damages, against all defendants, including actual damages, lost profits and consequential damages.

2.   Interest pursuant to Conn. Gen. Stat. § 37-3a;

3.   Actual Damages pursuant to Conn. Gen. Stat. § 42-110g(a);

4.   Costs pursuant to Conn. Gen. Stat. § 42-110g (d);

5.   Attorney's fees pursuant to Conn. Gen. Stat. § 42-110g (d);

6.   Punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a);

7.   Damages for actual loss pursuant to Conn. Gen. Stat. § 35-53(a);

8.   Unjust enrichment damages pursuant to Conn. Gen. Stat. § 35-53(a);

9.   Punitive damages pursuant to Conn. Gen. Stat. § 35-53(b);

10.  Reasonable attorney's fees pursuant to Conn. Gen. Stat. § 35-53(b);

11.  Punitive damages pursuant to Connecticut Common Law;

12.  Such other relief in law or equity to which the facts adduced at trial show United Concrete is entitled and/or the Court deems appropriate.


THE PLAINTIFF,
UNITED CONCRETE PRODUCTS, INC.


BY: _____
Eric M. Grant, Esq.
Yamin & Grant, LLC
83 Bank Street
Waterbury, CT 06702
Telephone:  203-574-5175
Juris No. 418063
egrant@yamingrant.com


8

| | | |
|---|---|---|
| **RETURN DATE:  DECEMBER 11, 2018** | : | **SUPERIOR COURT** |
| | : | |
| **UNITED CONCRETE PRODUCTS, INC.** | : | **JUDICIAL DISTRICT** |
| | : | **OF NEW HAVEN** |
| | : | |
| **V.** | : | **AT NEW HAVEN** |
| | : | |
| **PHILIP VITALI** | : | **NOVEMBER 14, 2018** |

## STATEMENT OF AMOUNT IN DEMAND

The plaintiff hereby certifies that the amount in demand is greater than Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

THE PLAINTIFF,
UNITED CONCRETE PRODUCTS, INC.

By:_____

Eric M. Grant, Esq.
Yamin & Grant, LLC
83 Bank Street
Waterbury, CT 06702
Telephone: 203-574-5175
Juris No. 418063
egrant@yamingrant.com

9